```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
IN RE:                                                        :
                                                              :
ANNABELLE ZARATZIAN,                                          :
                                    Debtor.                   :         OPINION AND ORDER
--------------------------------------------------------------x
ANNABELLE ZARATZIAN,                                          :         22 CV 5343 (VB)
                                    Appellant,                :
                                                              :
v.                                                            :
                                                              :
BANK OF NEW YORK MELLON,                                      :
formerly known as The Bank of New York,                       :
as Indenture Trustee,                                         :
                                    Appellee.                 :
--------------------------------------------------------------x
```

Briccetti, J.:

      Appellant Annabelle Zaratzian, the debtor in the underlying bankruptcy proceedings, appeals from the June 7, 2022, Order of the United States Bankruptcy Court for the Southern District of New York (Hon. Robert D. Drain, Judge) (A-148),[1] denying her objection to a claim filed by the mortgagee on her home in her Chapter 11[2] bankruptcy case.

      For the reasons set forth below, the Bankruptcy Court's Order is AFFIRMED.

      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 158(a).

---

[1] "A-__" refers to the Joint Appendix submitted by the parties pursuant to Rule 8018 of the Federal Rules of Bankruptcy Procedure. (See Docs. ##4-1, 4-2). "BR-__" refers to documents filed in appellant's bankruptcy proceeding. In re Annabelle Zaratzian, No. 16-22391 (SHL) (Bankr. S.D.N.Y. filed Mar. 25, 2016).

[2] On August 7, 2020, the Bankruptcy Court issued an Order converting appellant's case from Chapter 13 to Chapter 11. (A-142).

## BACKGROUND

I.   The Proof of Claim and Objection

Appellant filed for Chapter 13 bankruptcy protection on March 25, 2016. In her Chapter 13 petition, appellant identified Bayview Financial Loan as a secured creditor with a disputed claim worth $0 and secured by property worth $1,599,000 at 4 Stonewall Circle, West Harrison, NY 10604 (the "Property"). (BR-1 at ECF 18).[3] In her moving papers, appellant identifies this address as her home.

On August 2, 2016, Bayview Loan Servicing LLC ("Bayview"), as servicing agent for The Bank of New York Mellon ("BNY Mellon"), objected to confirmation of appellant's Chapter 13 plan for failing to acknowledge pre-petition arrears appellant owed to BNY Mellon on a loan secured by a mortgage on the Property. (A-43).

On August 15, 2016, BNY Mellon filed a proof of claim in the amount of $188,263.99. (A-13 (the "Proof of Claim")). The Proof of Claim attached copies of an Interest Only Fixed Rate Note (A-21, the "Note") and a mortgage agreement (A-25, the "Mortgage") that show appellant borrowed $1,415,000 from Countrywide Home Loans, Inc. ("Countrywide"), doing business as America's Wholesale Lender, on February 16, 2007, secured by a mortgage on the Property. The Note includes the following blank indorsement:

PAY TO THE ORDER OF
_____
WITHOUT RECOURSE
COUNTRYWIDE HOME LOANS, INC., A NEW YORK CORPORATION
DOING BUSINESS AS AMERICA'S WHOLESALE LENDER

---

[3] "ECF __" refers to page numbers automatically assigned by the court's Electronic Case Filing system.

(A-23).  The Mortgage, in paragraph (D) of a section titled "WORDS USED OFTEN IN THIS DOCUMENT," provides:  "AMERICA'S WHOLESALE LENDER will be called 'Lender.'  Lender is a CORPORATION under the laws of NEW YORK."  (A-25).

The Proof of Claim also attached an Assignment of Mortgage from Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for America's Wholesale Lender,[4] to BNY Mellon on July 9, 2014 (A-41), documents showing the Mortgage and Assignment of Mortgage were recorded with the Westchester County Clerk, and a spreadsheet detailing appellant's loan payment history that showed appellant had been in default since April 1, 2014.

On September 20, 2016, appellant objected to the Proof of Claim.  (A-45).

II.    Bankruptcy Court Hearing

On June 6, 2022, the Bankruptcy Court conducted a hearing on appellant's objection to the Proof of Claim.  At the hearing, appellant's counsel acknowledged Countrywide had properly filed an assumed name certificate allowing it to conduct business in New York as "America's Wholesale Lender."  (A-159; see A-368).  Nevertheless, according to appellant, the Mortgage was unenforceable because America's Wholesale Lender, an assumed name, was referred to in the Mortgage as "a corporation existing under the laws of New York."  (A-159).

Appellant's counsel referred to New York law that requires a corporation to do business under its own legal name.  (A-160–61 (discussing N.Y. Gen. Bus. Law § 130)).  Thus, appellant's counsel argued, it was improper to list America's Wholesale Lender, a "nonexistent entity [that] cannot take title to property or anything that would convey an interest in land," as the lender under the Mortgage.  (A-159–60).

---

[4] The Mortgage indicates MERS is the "nominee for Lender" and permits MERS to exercise the lender's legal rights under the mortgage.  (A-26).

3

Next, appellant's counsel referred to a separate New York rule that provides "[a]n assumed name shall contain no indicator of organizational form." (A-161 (quoting N.Y. Comp. Codes R. & Regs. tit. 19 § 156.4(c)(1))). Thus, according to appellant, the Mortgage's reference to America's Wholesale Lender as a "corporation" was improper and, when combined with the Mortgage's reference to America's Wholesale Lender as the "Lender," meant the Mortgage was void.

Appellant did not contend there was any fraud involved in the creation of the Note or Mortgage; instead, both of appellant's arguments came down to an alleged "confusion over corporate identity." (A-163).

Counsel for BNY Mellon argued appellant (i) failed to rebut BNY Mellon's prima facie evidence supporting its claim, (ii) identified no valid grounds under New York law for invalidating the Mortgage, and (iii) importantly, "admitted [to] signing the mortgages and . . . admitted to borrowing a million and a half dollars from [BNY Mellon]. And now wants a free house based on a stray word on the face of the mortgage." (A-173).

The Bankruptcy Court agreed with BNY Mellon.

As an initial matter, the Bankruptcy Court noted:

> [T]he debtor does not dispute that the loan was made and funded to her, nor does she continue to contend, as the original claim objection suggested[,] that any of the endorsements were fraudulent or that there was fraud in the loan itself. Instead, the debtor points to the fact that the mortgage, although not the note, lists the lender as a corporation under New York law. And contends that [the] inaccuracy renders the mortgage invalid and apparently, also, renders the claim invalid, notwithstanding there being no objection to the note itself. In essence, therefore, the claim objection contends that Bank of New York Mellon, through its servicing agent[,] lacks standing to assert a secured claim based on the mortgage.

(A-177) (emphasis added). Considering appellant's arguments about confusion of corporate identity, the Bankruptcy Court found "the actual assumed name, America's Wholesale Lender, does not include [an indication of corporate form] . . . nor does the note." (A-180). Thus, the

4

Bankruptcy Court determined there was no violation of N.Y. Comp. Codes R. & Regs. tit. 19 § 156.4(c)(1) or "any misleading nature in the note itself as to America's Wholesale Lender being a corporation." (A-179).

Regarding the contested language in the Mortgage, the Bankruptcy Court cited multiple authorities that "stand for the proposition that a note issued to a valid d/b/a and then sought to be enforced by the actual corporate entity for which it was d/b/a or by the corporate transferee can in fact be enforced along with the underlying mortgage." (A-182–83). Thus, by bench ruling, the Bankruptcy Court denied appellant's objection to the Proof of Claim. (A-184).

On June 7, 2022, the Bankruptcy Court issued an Order memorializing the denial of appellant's objection for the reasons stated during the June 6 hearing. (A-144).

On June 21, 2022, appellant filed the instant appeal. (BR-232).

## DISCUSSION

I.   Standard of Review

A district court reviews a bankruptcy court's conclusions of law de novo and its findings of fact under a clearly erroneous standard. See In re Ames Dep't Stores, Inc., 582 F.3d 422, 426 (2d Cir. 2009).[5]

With respect to a bankruptcy court's factual findings, clear error exists only when a reviewing court is "left with the definite and firm conviction that a mistake has been committed." In re Manville Forest Prods. Corp., 896 F.2d 1384, 1388 (2d Cir. 1990). "[T]he standard of review for a mixed question all depends—on whether answering it entails primarily legal or factual work." U.S. Bank Nat'l Ass'n v. Vill. at Lakeridge, LLC, 138 S. Ct. 960, 967 (2018).

---

5   Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

II.        Objection to the Proof of Claim

Appellant contends the Mortgage is unenforceable because it includes language that America's Wholesale Lender—a properly registered assumed name of the actual lender, Countrywide—is a "corporation."

The Court disagrees.

A.        Legal Standard:  Proof of Claim

"A proof of claim executed and filed in accordance with [the Federal Rules of Bankruptcy Procedure] shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f).  "[W]hen a claim, or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing shall be filed with the proof of claim." Id. 3001(c)(1).  In addition, a creditor filing proof of a secured claim must submit "evidence that the security interest has been perfected." Id. 3001(d).

Initially, if the claimant produces sufficient evidence of his claim, the claim is "prima facie valid." In re Feinberg, 442 B.R. 215, 220 (Bankr. S.D.N.Y. 2010) (quoting In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992)).  The burden then shifts to the objector to negate the presumption of validity by "com[ing] forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." Leonard v. HSBC Bank USA, NA, 2021 WL 638201, at *4 (S.D.N.Y. Feb. 16, 2021).

"[I]f the objector does so the burden of proof returns to the claimant to establish the validity of the claim." In re Residential Cap., LLC, 552 B.R. 50, 68 (S.D.N.Y. 2015).  "If the objector does not introduce evidence as to the invalidity of the claim . . . the claimant need offer no further proof of the merits of the validity and the amount of the claim." Leonard v. HSBC

Bank USA, NA, 2021 WL 638201, at *4.  Nevertheless, "the burden of persuasion is always on the claimant."  In re Residential Cap., LLC, 552 B.R. at 68.

"In New York State, assignments can be effected solely by the transfer of the relevant note and mortgage. . . . Thus, an assignee can demonstrate standing [to file a proof of claim] by attaching the note and mortgage to a Proof of Claim."  In re Minbatiwalla, 424 B.R. 104, 109 (Bankr. S.D.N.Y. 2010) (citing N.Y. Real Prop. Law. § 244).

B. Legal Standard:  New York Law

Section 130 of New York's General Business Law ("Section 130") provides:  "[n]o person shall . . . carry on or conduct or transact business in this state under any name or designation other than his or its real name."  Section 156.4(c)(1) of the New York Compilation of Codes and Regulations ("Section 156.4(c)(1)") provides: "[a]n assumed name shall contain no indicator of organizational form (e.g., corporation . . .).").

Blank indorsements of negotiable instruments—including promissory notes—are explicitly permitted under New York Law.  See N.Y. U.C.C. § 3-204(2) ("An instrument payable to order and indorsed in blank becomes payable to bearer and may be negotiated by delivery alone.").  "Either a written assignment of the underlying note or the physical delivery of the note is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident."  Wells Fargo Bank Nat'l Ass'n v. Johnson, 172 A.D.3d 1278, 1279 (2d Dep't 2019).

C. Analysis

This appeal is appellant's too-cute-by-half attempt to sever a lien on her home from a debt she agrees she owes based on a borderline frivolous reading of New York law.  But appellant cannot have her cake and eat it too.

7

Here, BNY Mellon satisfied its evidentiary burden by filing the timely Proof of Claim that attached a copy of the Note and Mortgage, the Assignment of Mortgage, proof that the Mortgage and the assignment were recorded, and evidence of appellant's default (and the amount owed).  The Note produced was indorsed in blank by the original lender, making BNY Mellon's possession of it sufficient to demonstrate ownership.  This evidence is sufficient to establish the prima facie validity of BNY Mellon's claim.

Appellant did not rebut BNY Mellon's prima facie evidence.  To the contrary, she admits she executed the Note and Mortgage, the loan was funded, she received the funds, and she is in default.  And, instead of refuting BNY Mellon's prima facie evidence, she proffers a legal argument that the Mortgage she signed is unenforceable because, in the Mortgage, the lender's assumed business name is referred to as a "corporation."

Section 156.4 does not support appellant's argument.  Even if a violation of Section 156.4 were grounds to invalidate a mortgage, the actual assumed name of "America's Wholesale Lender" does not include a corporate identifier, and so does not violate Section 156.4.  Further, because Countrywide properly filed a certificate with the New York Secretary of State to use America's Wholesale Lender as an assumed name—which appellant does not dispute—Countrywide did not run afoul of Section 130 when it listed America's Wholesale Lender as the "lender" on plaintiff's mortgage.

Moreover, none of the case law cited by appellant supports her contention;[6] neither can the Court independently locate any.  To the contrary, as the Bankruptcy Court noted (A-180–83), several district courts have rejected the same argument.

---

[6]   In fact, appellant acknowledges this in her opening brief.  She states: "[d]ebtor is aware of only two cases that have successfully challenged America's Wholesale Lender's status as a

For example, in Varma v. Bank of America N.A., the court dismissed a claim that certain deeds of trust the plaintiffs had executed were void because they stated America's Wholesale Lender "was a New York corporation when it was not." 2017 WL 5665008, at *7 (C.D. Cal. Apr. 3, 2017), aff'd, 713 F. App'x 692 (9th Cir. 2018). The Varma court concluded: "[b]ecause plaintiffs allege [America's Wholesale Lender] was a 'dba' of Countrywide . . . and Countrywide is incorporated under New York law, there was no misrepresentation. . . . The business name is a fiction, and so too is any implication that the business is a legal entity separate from its owner." Id. at *8; see also Tyshkevich v. Wells Fargo Bank, N.A., 2016 WL 193666, at *9 (E.D. Cal. Jan. 15, 2016), report and recommendation adopted, 2016 WL 1162687, aff'd, 708 F. App'x 339 (9th Cir. 2017) (concluding deeds with similar language "do not state that 'AWL' is a corporation. Rather, they state that the 'Lender,'" i.e., Countrywide, "is a corporation organized under the laws of New York"); Perry v. Select Portfolio Servicing, Inc., 2016 WL 3078839, at *1 (N.D. Cal. Jan. 8, 2016) (dismissing claim that deeds were void because America's Wholesale Lender "was not a legal entity capable of entering into a contract"); Dawson v. Bank of N.Y. Mellon, 2016 WL 7217626, at **2–3 (D. Or. Dec. 13, 2016) (dismissing claim that deed was void when plaintiff argued that America's Wholesale Lender "was a non-existent entity and not the true lender" but did "not deny that [America's Wholesale Lender] advanced her [a loan] to purchase her property. . . . Nor [did] she deny that she owes the debt").

Accordingly, appellant has failed to rebut the prima facie validity of BNY Mellon's claim, and the Court affirms the well-reasoned and thorough decision of the Bankruptcy Court.

---

litigant or mortgagee. . . . [N]either case addresses the specific questions presented in this appeal." (Doc. #4 at 22, 24).

## CONCLUSION

The Bankruptcy Court's Order of June 7, 2022, is AFFIRMED.

The Clerk is instructed to close this case.

Dated: March 8, 2023
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge